E-FILED
Tuesday, 04 January, 2005  02:44:37 PM
Clerk, U.S. District Court, ILCD

FILED
JAN 0 4 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.

ALBERT J. LUCKEY

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-M- 7201

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __August 23, 2004__ in __Kankakee__ county, in the __Central__ District of __Illinois__ defendant(s) did, knowingly possess cocaine base ("crack") with the intent to distribute it,

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__

I further state that I am a(n) __Special Agent, KAMEG__ and that this complaint is based on the following facts:
Official Title

    see attached Affidavit

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

S/A R[signature]
Signature of Complainant

Sworn to before me and subscribed in my presence,

__January 4, 2005__ at __Urbana, Illinois__
Date                                          City and State

Honorable David G. Bernthal
United States Magistrate Judge      s/David G. Bernthal
Name & Title of Judicial Officer           Signature of Judicial Officer

## **AFFIDAVIT**

I, Rich Cox, being first duly sworn, hereby state:

1. I am a Special Agent with the Illinois State Police, currently assigned to the Kankakee Area Metropolitan Enforcement Group (KAMEG), a multi-jurisdictional drug task force located in Kankakee, Illinois. I have been with the Kankakee City Police Department for approximately four years and have been assigned to KAMEG for approximately one and one-half years.

2. This affidavit is made in support of a criminal complaint charging ALBERT J. LUCKEY (hereinafter "LUCKEY") with possession of 50 or more grams of cocaine base ("crack"), a Schedule II Controlled Substance, with the intent to distribute it. A warrant for the arrest of the defendant is requested.

3. On August 23, 2004, Illinois State Police Trooper D. F. Devine was on routine patrol when he observed a blue Oldsmobile traveling southbound on Interstate 57, near milepost 323, in excess of the posted speed limit. Trooper Devine activated his radar, which showed a speed of 74 miles per hour. He then initiated a traffic stop of the car.

4. After stopping the car, Trooper Devine approached the driver, who was identified as LUCKEY, and informed him why he had been stopped. Trooper Devine advised LUCKEY that he would be issued a written warning and asked LUCKEY to step back to the patrol car to sign it. A subsequent computer check showed that LUCKEY's license was suspended. Trooper Devine then spoke to the passenger, who

was identified as LUCKEY's son, DONTE L. CADE (hereinafter "CADE."). CADE stated that he did not possess a valid driver's license. Trooper Devine then called a towing service to tow the car from the area.

5. Prior to the car being towed, Trooper Devine conducted an inventory search. During the search, Trooper Devine located a large speaker box in the trunk. Between the two speakers was an opening covered with a black bandana. Behind the black bandana, Trooper Devine located a black plastic bag containing approximately 443 grams of a substance that field tested positive for marijuana. LUCKEY and CADE were then arrested and advised of their Miranda rights.

6. After arresting LUCKEY and CADE, Trooper Devine continued his inventory search and found a second black plastic bag behind the first one. Inside the second bag were three small baggies containing approximately 303.9 grams of an off-white, chunky substance that field tested positive for cocaine. The color and chunky nature of the substance is consistent with what I know to be crack cocaine. The large amount of the substance also indicates it is a distributable amount as opposed to an amount for personal use.

7. Trooper Devine asked LUCKEY if the items found in the car belonged to him. LUCKEY stated "It's my car, so it must be mine." CADE admitted that the marijuana belonged to him. Trooper Devine further asked LUCKEY if the crack cocaine belonged to him and if the marijuana belonged to his son, to which LUCKEY stated, "Ya, the crack was mine and the weed was my son's." While transporting LUCKEY following

2

his arrest, Trooper Devine asked LUCKEY if he used or sold and LUCKEY stated that he "sold."

8. Later that evening, a KMEG agent spoke to LUCKEY and advised him that his Miranda rights still applied. LUCKEY was asked if the suspected crack cocaine was his. LUCKEY stated that the crack cocaine was his and the marijuana was his son's. LUCKEY was also asked him if he was on probation or parole. LUCKEY stated that he was on parole for Unlawful Use of a Weapon.

Further, Affiant sayeth not.

x SA _____
RICH COX, Special Agent

Subscribed and sworn to before me this
4th day of January 2005.

s/David G. Bernthal
_____
DAVID G. BERNTHAL
United States Magistrate Judge

3