Albert Luckey Jr. #14302-026
United States Penitentiary Marion
P.O.Box 1000
Marion ,IL 62959

          Honorable Judge: Micheal P. McCuskey
                 Case No. 05-20009-001

United States District Court
Central District of Illinois
318 U.S.Court House
201 S. Vine
Urbana, IL 61801



FEB 1 3 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

               United States of America
                       vs.
                    Albert Luckey
                <u>3582(c)(2) motion</u>

    Comes now, the petitioner Albert Luckey, humbly requesting the Honorable Court to review this motion 3582(c)(2) under <u>Haines v. Kerner</u>, 404 U.S.519 (1972) with out limitations, considering factors provided under 3553 in reaching a more reasonable decision.

    Please be advised that the petitioner is not a skilled lawyer and has very little knowledge of federal laws, rules and procedures, asks this court not to hold him to the same stringent standard as that of a schooled attorney.

    The District Court may reduce a defendants' term of imprisonment that was based on a sentencing range which has subsequently been lowered by the United States Sentencing Commission on November 1, 2007, 18 U.S.C.3582 (c)(2) see: <u>U.S. v. Bravo</u>, 203 f.3d 778,781 (11th cir 2000). In support of this motion, defendant respectfully submits the following:

#### Jurisdiction

    This Court has jurisdiction to entertain the instant motion to modify term of imprisonment pursuant to amendment one, promulgated by the United States Sentencing Commission and made retroactive as of December 11, 2007, and pursuant to 18 U.S.C.3582(c)(2).

## Summary of facts

Albert Luckey, pleaded guilty and sentenced by the U.S. District Court for the Central District of Illinois on 5/17/2006 and iscurrently serving a 20 year sentence for violation of :
Count one: 21 U.S.C. 841(a)(1) and (b)(1)(A) Distribution of 50 or more grams of cocaine base (crack)

## Facts

Albert Luckey , is serving a 20 year sentence for cocaine base (crack) which was mandatory under pre **Blakely/Apprendi** which was 100 to 1 ratio.

## Argument

Defendant Luckey, asserts that this court should consider the factors enumerated under 18 U.S.C.§3553(A) (as specifically stated in §3582(c)(2) as well as the holdings in **United states v. Booker**, 543 U.S. 220 (2005) **Kimbrough v. United States** , ___U.S.___,2007 **WL** 4292040(2007).

Clearly, § 3582 (c)(2) directly points this court to the factors enumerated in §3553(a). Defendant will assert below that these factors warrant a significant reduction in the sentence imposed. Defendant asserts that this Court must consider **Kimbrough**, in light of its analysis of this motion and the applicable calculus under § 3553 (a).

Importantly, **Kimbrough** demonstrates the discretion  afforded pursuant to **Booker** can reasonably justify a significantly lower sentence for a crack cocaine offense than is called for under the U.S.S.G.. The Court in **Kimbrough** considered the sentence imposed by a U.S.District Court which vehemently disagreed with the 100 to 1 ratio found in both statutory and U.S.S.G. in meting out the punishment for like amounts of crack cocaine versus powder cocaine offenses. **Kimbrough's** judge found the sentencing disparity created by this 100 to 1 ratio to be onerous and departed well below advisory U.S.S.G. range. Moreover, §3553(a)(5)(A) requires this court to consider "any pertinent policy statement ----issued by the sentencing commission pursuant to 28 U.S.C.§994(a)(2)...." in fashion a just sentence. Finally, the U.S.S.C. policy statements have held that the 100 to 1 ratio fosters disrespect for the criminal justice system as it leads to a significant disparity

(2)

between crack and powder cocaine sentences based almost entirely upon race. **Id.** Such a result clearly runs a foul of the sentencing factors enumerated in §3553 (a)(2)(A). Defendant asserts that the overall effect of **Kimbrough** upon this proceedings is immense. This Court now has jurisdictional opportunity to correct that which has been broken, according to both the U.S.S.C. AND NOW THE Supreme Court, for quite some time. Defendant Luckey respectfully requests that this court take full consideration of this motion. 18U.S.C. §3582 (c)(2) plainly directs this court to consider these factors in assessing this motion. Therefore, the relevant inquiry involves how these factors, combined with the holdings of **Booker and Kimbrough**, thespecific characteristics of this defendant, and the nature of the crime committed and up to guide this court into a just sentence. As for the offender characteristics defendant asserts that all available information is also mitigative in nature. Attached here are exhibits of certificates. This court will find that it is arguable that the character of a person is most accurately assessed by the way he faces adversity. Defendants record while serving his sentence has shown that he is worthy of a much, much, shorter sentence. Defendant has truly bettered himself while in the Bureau of Prisons (BOP). He has not recieved any incident reports, he has voluntarily participated in the BOP programs to improve hisself. By staying humble, positive, and active I strongly become a better person. I have no desire to reoffend. Petitioner, seeks Courts consideration for relief under 18 U.S.C.3582(c)(2). Also citing 3582(A) considering appropriate means of promoting correction and efforts at rehabilitation under this §3553(a)ccaculus. See, for instance, **United States v.Ngatia**, 477 f.3d 496 (7th-cir. 2007) (citing) **U.S. v. Robinson**, 435f.3d 699, 700-01(7th cir. 2006).

Defendant Luckey, requests that this court consider these factors above in making a determination on this motion.

## Relief

Based upon all the records, files and pleadings in this case, defendant Albert Luckey Jr. is not arguing that he deserves to recieve a §3582 (c)(2) sentence because of **Booker** he argues that when the court reconsiders his sentence enlight of the sentencing commission's lowering the sentencing range pursuant to 28, U.S.C. §994(o), U.S.S.G. 1B1.10 section 3582 (c)(2) and to resentence him to a non guideline advisory sentence, because on December 11, 2007 the commission added amendment 706 to the list of amendments stated in section 1B1.10(c). As authorized in the 18U.S.C.§3553 section using the 1995 sentencing commission formal guideline amendment and policy statements recommending to change the equivalency ratio for **crack** as the same as powder cocaine see case, **Kimbrough v. United States**, ___ U.S. ___, 2007WL 4292040(2007) see case, **United States v. Vngatia**, 477 f.3d 496 (2007) (factors to be considered under 18 U.S.C. 3553 (a)(1)&(2)(A-C).

(3)

## Conclusion

Wherefore defendant respectfully requests this honorable court to exercise its discretion fully and jurisdiction that Luckey's motion pursuant to 18 U.S.C.§ 3582(c)(2) be granted, effective March 3, 2008 and his sentence be reduced to 151 months or less considering all of the foregoing

**The Supreme Court cleared the way for judges to impose sentences below the specified range.** See case, <u>Gall v. U.S.</u>, (NO.06-7949). Petitioner prays for a careful review and consideration of reduction for any sentence that's allowable by law and in the courts authority.

Date: 2/7/08

## Certificate of Service

Under penalty of perjury, I affirm on this day, February 7th, 2008 I forwarded four copies to the clerk of courts, 318 U.S. District Court, 201 S. Vine, Urbana, IL. 61801

(4)