IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

| | |
|---|---|
| United States Of America, Plaintiff, | ) ) ) |
| V. | ) ) Case No. 05-20009 |
| Albert Luckey, Defendant. | ) ) Response to ) Judge's Order ) ) |

FILED
MAR 2 6 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Come Now the defendant, Albert Luckey, pro-se and in response to U.S. District Court Chief Judge Michael P. McCuskey's Order do hereby submit the following for this Honorable Court's considerations:

1. In a case in which a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has been lowered as a result of an amendment to the guidelines manual listed in subsection (c), the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2).

2. Factors for consideration: (i) Consistent with 18 U.S.C.§3582 the court shall consider the factors set forth in 18 U.S.C.§3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b). (ii) The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining:(I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b). (iii) The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original

(2)

term of imprisonment in determining (I) and (II) listed above.

3. If the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C.§3553(a) the court of judgment is entitled to form a sentence in an advisory fashion that could be recognized as 'reasonable'.

## Arguments

In support of this motion, defendant respectfully submits the following:  :"On any ensuing sentencing calculations, the defendant respectfully asks the court to consider the below factors:

1. Apply the statutory obligations of the 3553(a) factors in regards to his rehabilitative actions in my prison adjustments (all of the certificates and my lack of any type of imfractions related to his case during his incarceration)

2. To equate the crack involved in defendant's case at the sentencing ratio as powder cocaine established in Kimbrough V. U.S., 128 S.CT. 558. These 3553(a) factors are given authority in their complete consideration general sentencing by the Supreme Court in Gall V. U.S., 128 S.Ct. 596, and, most importantly;

3. Defendant can seek relief from a mandatory minimum under 18 U.S.C.§3553(e)or 3553(F) in the context of a 3582 (c)(2) resentencing even if the defendant was originally sentenced before these sections were enacted. See U.S. V. Mihm 134 F.3d 1353,1355 (8th cir. 1998) (in a 3582(c) resentencing, district court can apply 3553(f)'s safety valve to reduce sentence below the mandatory minimum because 3553(F) is a general sentencing consideration that the district court must take into account in exercising its present discretion to resentence under 3582(c)(2)).

In defendant's non-guideline advisory senetence request, defendant requests that 150 months would or should be more than enough time (as

(3)

the 3553(a) statute says).

Defendant Luckey's request is in accordance with law because the Supreme Court clearly stated that the sentencing commission cannot use policy statement to restrict a court's ability to comply its statutory or constitutional sentencing obligations. See Stinson V. U.S. 508 U.S. 38,; Commentary in the guidelines manual that interpret or explains a guideline is authoritative unless it violates the constitution. (emphasis added)

Nor does the Commission have the authority to amend 3553(a) or any other statute or to interpret such statutes in ways contrary to Supreme Court precedent. Now if so, then the court will reject the commission's alleged contrary interpretation. See Neal V. U.S. 516 U.S. 284, 290, 295; commission does not have the authority to amend (a) statute by purporting to interpret it in ways contrary to the construction given by the Supreme Court, and the court will reject (the commission's) alleged contrary interpretation). In addition, it is also clear that <u>Kimbrough</u> and <u>Gall</u> is Supreme Court Precedent.

Relief

Being that the 3553(a) factors are general sentencing considerations that the district court must take into account just as 3553(F) was explained in <u>Mihm</u>, apply the 3553(a) factors as such, in which will allow the court to resentence the defendant below the mandatory minimum. In this said response that provided proof to this court, that the court, by law, must review and consider defendant's motion in seriatim to the judge's discussion and as syllogistically as possible. In particular, amended 1B1.1 would require the district court to grant a two level reduction in every case.

(4)

## Conclusion

Wherefore, defendant respectfully requests this Honorable Court to exercise its discretion fully to allow defendant's motion to be GRANTED and his sentence be reduced considering the foregoing.

Moreover, in accordance with the constitution and statutes, defendant asserts his right to appeal be reserved if his motion is denied.

Date: 3/24/08

Respectfully Submitted,

s/ Albert Luckey
Albert Luckey 14302-026
U.S. Penitentiary
P.O. Box 1000
Marion, Ill  62959
Pro-se for
Albert Luckey

I hereby swear under 28U.S.C.§1746 penalty of perjury the foregoing document is the truth to the best of my knowledge.

s/ Albert Luckey

CC) File